Filed:  July 17, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————

Nos. 96-1806(L)
(CA-94-3022-5-6)

———————

Danny Williams,

Plaintiff - Appellee,

versus

Barbara Hatton,

Defendant - Appellant.

———————

O R D E R

———————

The Court amends its opinion filed June 12, 1997, as follows:

On page 3, first full paragraph after indented quotation,

line 6 -- the sentence beginning "The district court" is corrected

to read:

> The district court then granted judgment for the defen-
> dants on all claims except for the First Amendment claims
> against Hatton and Martin in their individual capacities
> and Williams' breach of contract claim against South
> Carolina State University.

For the Court - By Direction

/s/ Patricia S. Connor
———————————————
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANNY WILLIAMS,
Plaintiff-Appellee,

v.

BARBARA HATTON,
Defendant-Appellant,

No. 96-1806

and

SOUTH CAROLINA STATE UNIVERSITY;
JAMES A. MARTIN; CHARLENE
JOHNSON,
Defendants.

DANNY WILLIAMS,
Plaintiff-Appellee,

v.

JAMES A. MARTIN,
Defendant-Appellant,

No. 96-1807

and

SOUTH CAROLINA STATE UNIVERSITY;
BARBARA HATTON; CHARLENE
JOHNSON,
Defendants.

Appeals from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons Jr., Senior District Judge.
(CA-94-3022-5-6)

Argued: May 5, 1997

Decided: June 12, 1997

Before NIEMEYER and MOTZ, Circuit Judges, and STAMP, Chief United States District Judge for the Northern District of West Virginia, sitting by designation.

---

Reversed and remanded by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Stephen Carrington Mitchell, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, L.L.P., Columbia, South Carolina, for Appellant. Laura P. Valtorta, Columbia, South Carolina, for Appellee. **ON BRIEF:** Jonathan P. Pearson, J. Hagood Tighe, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, L.L.P., Columbia, South Carolina, for Appellant. J. Lewis Cromer, CROMER & MABRY, P.A., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Danny Williams, the former track coach for South Carolina State University ("SCSU"), brought this action under 42 U.S.C. § 1983 against the University and three of its employees: James Martin, its athletic director; Barbara Hatton, its president; and Charlene Johnson, its 1992 acting athletic director. He alleges that the defendants terminated his employment because of what he told reporters in an interview that was reported on April 9, 1994, in the Orangeburg Times and Democrat in an article entitled "SCSU Track Coach making mark nationally with two appointments." In the article, which was devoted primarily to Williams' "Midas Touch" with the SCSU track program

2

since taking its helm less than two years before, Williams was reported to be "extremely distress[ed]" at the fact that, while attending a national track championship, he first learned from a reporter and not from an SCSU official that the NCAA had imposed disciplinary probation on his teams because of violations incurred by his predecessor. Williams has subsequently acknowledged that the University had earlier informed him that the prior track coach had been "reassigned because of a few [NCAA] violations that he had in terms of running ineligible athletes." As reported in the newspaper article, Williams characterized his way of learning about the University's probation as follows:

> To put it mildly, it was very weird the way I found out about the probation. The way it occurred was a small knock on the door early in the morning, and I'm thinking its the guys saying "Let's go to breakfast," only to realize it's a local reporter asking me for comments on the probation.

> * * *

> It shocked me. An embarrassing shock I should say, considering the fact that the night before I was speaking to a group of national coaches on ethical conduct.

> * * *

> I find it very ironic that I would have to be informed at such a late date, and then to have to wait to find out exactly what the probation meant almost two weeks down the road.

After SCSU terminated Williams as track coach, expressing a difference over the type of track athletes that should be recruited, Williams brought this action in state court, alleging violations of his First Amendment rights as well as a variety of state law claims. After removing the case to the federal district court, defendants moved for summary judgment. The district court then granted judgment for the defendants on all claims except for the First Amendment claims against Hatton and Martin in their individual capacities and Williams' breach of contract claim against South Carolina State University. On those claims, the court stated simply:

3

With respect to that [April 9, 1994] article, the court concludes that summary judgment is inappropriate at this time.

* * *

Defendants Hatton and Martin have also argued that they are entitled to qualified immunity in their individual capacities. Summary judgment on this issue is denied, with leave to renew at the close of the plaintiff's case.

Hatton and Martin filed this interlocutory appeal, contending that they were improperly denied qualified immunity. Because we conclude that they are entitled to qualified immunity, we reverse.

We agree with the appellants that the speech involved in this case was centered on an employment-related concern and not a matter of public concern protected by the First Amendment. See Connick v. Myers, 461 U.S. 138, 147 (1983); Stroman v. Colleton County School District, 981 F.2d 152, 156 (4th Cir. 1992); Jurgensen v. Fairfax County, 745 F.2d 868, 879 (4th Cir. 1984). And even if Williams' speech might have touched on a legitimate public concern, the import of that fact is not so clear that we can deny public employees qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "In determining whether the specific right allegedly violated was `clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). In light of the tenuous connection between Williams' statements and any issue of public concern, this case lacks the requisite markers of established rights public officials would be expected to recognize and thus required to observe. Indeed, as we have explained:

> [O]nly infrequently will it be "clearly established" that a public employee's speech on a matter of public concern is constitutionally protected, because the relevant inquiry requires a "particularized balancing" that is subtle, difficult to apply, and not yet well-defined.

DiMeglio v. Haines, 45 F.3d 790, 806 (4th Cir. 1995).

4

Accordingly, we reverse the order of the district court denying Hatton and Martin qualified immunity and remand this case with instructions to dismiss the complaint against them in their individual capacities.

IT IS SO ORDERED

5